UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

| | |
|---|---|
| MATTHEW GOTTLIEB, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br> v.<br><br>CITGO PETROLEUM CORPORATION,<br><br>     Defendant. | Case No.<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

1. Plaintiff Matthew Gottlieb brings this action against Defendant CITGO Petroleum Corporation to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Specifically, Plaintiff brings a claim pursuant to 47 U.S.C. § 227(b), for unsolicited text messages made by Defendant, or at Defendant's direction, to the cellular telephones of Plaintiff and others using an autodialer.

**JURISDICTION AND VENUE**

3. This is an action for damages in excess of $15,000 and injunctive relief, exclusive of interest, costs and attorneys' fees, arising from Defendant's violations of the TCPA. This Court has jurisdiction pursuant to 28 U.S.C. §1331.

4. This Court has personal jurisdiction over Defendant and venue is proper because (1) Defendant does business in this District, and (2) a substantial part of the events giving rise to Plaintiff's claims occurred here, including the unwanted text messages that Defendant sent or caused to be sent to Plaintiff's cellular telephone using an automatic telephone dialing system.

## PARTIES

5. Plaintiff Matthew Gottlieb is a natural person and resident of Palm Beach County, Florida.

6. Defendant CITGO Petroleum Corporation is a Texas corporation with its principle place of business at 1293 Eldridge Pkwy, Houston, TX 77077. Defendant's registered agent for service of process in Florida is CT Corporation System, 1200 S. Pine Island Road, Plantation, FL 33324.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

7. The TCPA was passed into law in 1991. The TCPA regulates and restricts the use of automatic telephone equipment.

8. The TCPA protects consumers from unwanted calls and text messages that are made with autodialers and with prerecorded messages.

9. Specifically, 47 U.S.C. § 227(b) provides:

(1) **Prohibitions** It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system … (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

10. The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA.

11. The FCC has issued rulings and clarified that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must be provided to the individual. *See* 2012 FCC Order, 27 FCC Rcd. at 1839 ("[R]equiring prior written consent will

better protect consumer privacy because such consent requires conspicuous action by the consumer — providing permission in writing — to authorize autodialed or prerecorded telemarketing calls....").

12. Further, the FCC has issued rulings and clarified that consumers are entitled to the same consent-based protections for text messages as they are for calls to wireless numbers. *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009) (The FCC has determined that a text message falls within the meaning of "to make any call" in 47 U.S.C. § 227(b)(1)(A)); *Toney v. Quality Res., Inc.*, 75 F. Supp. 3d 727, 734 (N.D. Ill. 2014) (Defendant bears the burden of showing that it obtained Plaintiff's prior express consent before sending her the text message).

13. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *See* Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

14. The FCC has "repeatedly acknowledged the existence of vicarious liability under the TCPA." See *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 878 (9th Cir. 2014) (citing In re Joint Petition Filed by Dish Network, LCC, 28 FCC. Rcd. 6574, 6574 (2013)). Principles of apparent authority and ratification may also provide a basis for vicarious seller liability for violations of section 227(b). *See Thomas v. Taco Bell Corp.*, 582 F. App'x 678 (9th Cir. 2014) (citing 28 F.C.C. Rcd. at 6590 n. 124). A ratification occurs when the benefits of the purportedly

unauthorized acts are accepted with full knowledge of the facts under circumstances demonstrating the intent to adopt the unauthorized arrangement. *Stalley v. Transitional Hosps. Corp. of Tampa, Inc.*, 44 So. 3d 627, 631 (Fla. 2d DCA 2010).

## FACTS

15. Defendant is an American refiner, transporter and marketer of transportation fuels, lubricants, petrochemicals and other industrial products.

16. At all times relevant, Plaintiff was a citizen of the State of Florida. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

17. On information and belief, Defendant, in order to drive people to use its gas stations and drum up business, surreptitiously obtained the cellular telephone number of Plaintiff and others, then proceeded to send or cause others to send unsolicited telemarketing text messages to those individuals, using automatic telephone dialing equipment.

18. The purpose of the unsolicited telemarketing text messages was to convince consumers like Plaintiff to sign up for the "Club CITGO" mobile application and ultimately to make purchases from CITGO gas stations.

19. Those people whose cellular telephones were text messaged by Defendant or at Defendant's direction never actually consented to receive such marketing text messages, and some people, Like Plaintiff, who were called registered their cellular telephone numbers with the National Do Not Call Registry.

20. Plaintiff has been registered on the National Do Not Call Registry since September 23, 2008.

21. On information and belief, Defendant and/or its agent lacks a sufficiently adequate system for limiting autodialed text messages to cellular phones for which it does not have prior

express permission to call.  These are unsolicited text messages sent for the purpose of marketing to potential customers.

22.     On November 3, 2016 at approximately 3:22 pm, Defendant, or Defendant's agent, text messaged[1] Plaintiff for the second time using an autodialer for purposes of selling goods or services:



23.     Plaintiff has never given Defendant permission to contact his cellular telephone, whether through the use of an autodialer or otherwise.

24.     Plaintiff was damaged by Defendant's text message. His privacy was wrongfully invaded, and Plaintiff has become understandably aggravated with having to deal with the

---
[1] The text Plaintiff received came from 774-86.

frustration of unwanted text messages forcing him to divert attention away from his work and other activities.

25. Defendant's violations of the TCPA were knowing and willful.

26. Defendant's unsolicited text message caused Plaintiff actual harm, including invasion of her privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion.

27. Further, the generic nature of Defendant's text messages, combined with the large number of messages sent by Defendant, demonstrates that Defendant utilizes an automatic telephone dialing system ("ATDS") in transmitting the messages.

28. Specifically, upon information and belief, Defendant utilizes a combination of hardware and software systems to send the text messages at issue in this case. The systems utilized by Defendant have the capacity to capacity to store, produce, and dial random or sequential numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention.

## CLASS ALLEGATIONS

29. Plaintiff brings this case on behalf of a Classes defined as follows:

*__The ATDS Class:__ All persons in the United States who, within four years prior to the filing of this action, Defendant or some person on Defendant's behalf sent a text message to their cell phone using a device with the capacity to dial numbers without human intervention, where the recipient did not give the cell phone number to Defendant for purposes of receiving automated marketing calls.*

*__The DNC Class__ All persons within the United States who, within the four years prior to the filing of this Complaint, received more than one telephone calls and/or text messages to said person's cellular telephone number within any 12-month period, by or on behalf of the same entity, without their prior express consent, while listed on the national Do Not Call Registry.*

30.     Upon information and belief, Defendant or its affiliates called more than 30 non-customers in the four years preceding the filing of this action using an automatic dialer, where Defendant obtained the phone numbers from sources other than directly from the call recipients.

31.     Excluded from the Classes is Defendant, its parents, subsidiaries, affiliates, officers and directors, any entity in which Defendant has a controlling interest, all customers who make a timely election to be excluded, governmental entities, and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

32.     Common questions of law or fact exist as to all members of the putative Classes and predominate over any question solely affecting any individual member, including Plaintiff. Such questions common to the Class include but are not limited to:

   a. Whether Defendant used an "automatic telephone dialing system" as such term is defined or understood under the TCPA and applicable FCC regulations and orders;

   b. Whether Defendant had prior express permission to contact Plaintiff and the other members of the putative Class when it sent text messages, or caused text messages to be sent, to their cell phones using an automatic telephone dialing system; and

   c. Damages, including whether Defendant's violations were performed willfully or knowingly such that Plaintiff and the members of the putative Class are entitled to trebled damages.

33.     Plaintiff's claims are typical of the claims of the other members of the putative Classes. The factual and legal bases of Defendant's liability to Plaintiff and the other members of the putative Classes are the same: Defendant violated the TCPA by causing the cellular telephone number of each member of the putative Classes, including Plaintiff, to be text messaged using an automatic telephone dialing system without prior express permission.

34. Plaintiff will fairly and adequately protect the interests of the Classes. Plaintiff has no interests that might conflict with the interests of the Class. Plaintiff is interested in pursuing his claim vigorously, and has retained counsel competent and experienced in class and complex litigation, including with regards to the claim alleged herein.

35. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. There are, on information and belief, thousands of members of the putative Class, such that joinder of all members is impracticable.

36. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

37. Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, thereby making relief appropriate with respect to the Class as a whole. Prosecution of separate actions by individual members of the putative Class, should they even realize that their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct.

38. The identity of the Class is, on information and belief, readily identifiable from the records of Defendant and/or any affiliated marketers.

**COUNT I**
**KNOWING AND/OR WILLFUL VIOLAITONS OF THE TCPA, 47 U.S.C. § 227(b)**

39. Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

40. Defendant violated the TCPA by sending unsolicited text messages to Plaintiff and the members of the Classes on their cellular phones without first obtaining their prior express consent and using equipment which constitutes an automatic telephone dialing system for the express purpose of marketing Defendant's goods and/or services.

41. Defendant's text messages caused Plaintiff and the Class members actual harm including, but not limited to, invasion of their personal privacy, aggravation, nuisance and disruption in their daily lives, reduction in cellular telephone battery life, data loss, messaging charges, and loss of use of their cellular telephones.

42. As a result of the aforementioned violations of the TCPA, Plaintiff and the Classes are entitled to an award of $500.00 in statutory damages for each call in negligent violation of the TCPA, or up to $1,500 in statutory damages for each call in willful violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B).

43. Additionally, Plaintiff and the Classes are entitled to and seek injunctive relief prohibiting such future conduct

**WHEREFORE**, Plaintiff and members of the Class demand a jury trial on all claims so triable, and judgment against Defendant for the following:

a. Injunctive relief prohibiting violations of the TCPA by Defendant in the future;
b. Statutory damages of $500.00 for each and every text message made in negligent violation of the TCPA or $1,500 for each and every call made in willful violation of the TCPA, pursuant to 47 U.S.C. § (b)(3)(B); and
c. Such other relief as this Court deems just and proper.

## COUNT II
## VIOLATIONS OF THE TCPA, 47 U.S.C. § 227(c)

44.	Plaintiff re-alleges and incorporates paragraphs 1-38 as if fully set forth herein.

45.	Plaintiff and members of the DNC Class received more than one telephone call within a 12-month period, by or on behalf of Defendant, for the express purpose of marketing Defendant's goods and/or services without their written prior express consent.

46.	Defendant's text messages caused Plaintiff and members of the DNC Class actual harm including, but not limited to, invasion of their personal privacy, aggravation, nuisance and disruption in their daily lives, reduction in cellular telephone battery life, data, messaging charges, and loss of use of their cellular telephones.

47.	As a result of the aforementioned violations of the TCPA, Plaintiff and the DNC Class are entitled to an award of up to $1,500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5).

48.	Additionally, Plaintiff and members of the DNC Class are entitled to and seek injunctive relief prohibiting such future conduct.

**WHEREFORE**, Plaintiff and members of the Class demand a jury trial on all claims so triable, and judgment against Defendant for the following:

   a. Injunctive relief prohibiting violations of the TCPA by Defendant in the future;

   b. Statutory damages of $500.00 for each and every text message made in negligent violation of the TCPA;

   c. Such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff and Class Members hereby demand trial by jury.

Dated: November 23, 2016

Respectfully submitted,

*/s/Scott A. Edelsberg*
Jeff M. Ostrow (Florida Bar No. 121452)
Scott A. Edelsberg (Florida Bar No. 100537)
KOPELOWITZ OSTROW
FERGUSON WEISELBERG GILBERT
One West Las Olas Boulevard, Suite 500
Fort Lauderdale, Florida 33301
Telephone: 954-525-4100
ostrow@kolawyers.com
edelsberg@kolawyers.com

Avi R. Kaufman (Florida Bar No. 84382)
KOPELOWITZ OSTROW
FERGUSON WEISELBERG GILBERT
2800 Ponce de Leon Boulevard, Suite 1100
Coral Gables, Florida 33134
Telephone: 305-384-72562
kaufman@kolawyers.com

Andrew J. Shamis (Florida Bar # 101754)
SHAMIS & GENTILE, P.A.
14 NE 1st Ave., Suite 400
Miami, FL 33132
Telephone (305) 479-2299
Facsimile (786) 623-0915
ashamis@sflinjuryattorneys.com

*Attorneys for Plaintiff Matthew Gottlieb
and all others similarly situated*