**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**PALM BEACH DIVISION**

| | |
|---|---|
| MATTHEW GOTTLIEB, individually and on behalf of all other similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>CITGO PETROLEUM CORPORATION,<br><br>    Defendant. | Case No. 9:16-cv-81911-RLR<br><br>**CLASS ACTION** |

**DEFENDANT CITGO PETROLEUM CORPORATION'S**
**ANSWERS TO PLAINTIFF'S REQUEST FOR ADMISSIONS**

Defendant CITGO Petroleum Corporation ("CITGO"), by and through its undersigned counsel, answers Plaintiff's Request for Admissions as follows:

1. Admit that the equipment used to transmit the Text Message has the current capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

**ANSWER:** After reasonable inquiry, CITGO lacks knowledge or information sufficient to enable it to admit or deny the statements made in this request. Answering further, CITGO states that it does not own the equipment at issue and has no knowledge regarding its capabilities.

2. Admit that you caused the Text Message to be transmitted to Plaintiff.

**ANSWER:** Denied. CITGO contracted with First Edge Solutions, Inc., d/b/a Black Canyon ("Black Canyon"), to conduct "text-to-win" sweepstakes contests, and Black Canyon caused the Text Message to be transmitted to Plaintiff after obtaining Plaintiff's consent.

3. Admit that the Text Message was transmitted to Plaintiff by someone on your behalf.

**ANSWER:** Admitted.

    4.    Admit that You caused the Text Message to be transmitted to people other than Plaintiff.

**ANSWER:** Admitted in part and denied in part. CITGO admits that the Text Message was transmitted to people other than Plaintiff, but denies that it caused the Text Message to be sent to such other people. CITGO contracted with Black Canyon to conduct "text-to-win" sweepstakes contests, and Black Canyon caused the Text Message to be transmitted to Plaintiff and other people after obtaining their consent.

    5.    Admit that the Text Message was transmitted to people other than Plaintiff by someone on Your behalf.

**ANSWER:** Admitted.

    6.    Admit that one of the reasons for sending the Text Message was to encourage individuals to visit CITGO gasoline stations.

**ANSWER:** Denied. The purpose of the Text Message was to inform recipients of the opportunity to register to win certain sweepstakes contests for which no purchase was required.

    7.    Admit that the Text Message was part of a telemarketing campaign designed to increase sales at CITGO gasoline stations.

**ANSWER:** Denied. The Text Message was not "telemarketing" as that term is used under the Telephone Consumer Protection Act of 1991, 47 U.S.C. Section 227 (the "TCPA") or the regulations implementing that Act.

    8.    Admit that CITGO gasoline stations sold services to one or more recipients of the Text Message.

**ANSWER:** After reasonable inquiry, CITGO lacks knowledge or information sufficient to enable it to admit or deny the statement made in Request for Admission Number 8. Each CITGO-branded gasoline station is independently owned and operated and it is presently unknown to CITGO whether any recipient of the Text Message purchased any services from any CITGO-

branded gasoline station.

9. Admit that the Text Message was sent to Plaintiff's cellular telephone.

**ANSWER:** Admitted.

10. Admit that You were aware of restrictions on sending auto-dialed text messages before you caused the Text Message to be transmitted.

**ANSWER:** Admitted in part and denied in part. CITGO admits that it was aware of the existence of the TCPA, but denies that it caused the Text Message to be transmitted for reasons set forth in its responses to Requests for Admission Numbers 2 and 4, above.

11. Admit that the Text Message was sent to more than 100 different telephone numbers.

**ANSWER:** Admitted.

Dated: March 6, 2017

Respectfully submitted,

**LASH & GOLDBERG LLP**
Miami Tower
100 Southeast 2nd Street, Suite 1200
Miami, FL 33131-2158
Tel: (305) 347-4040
Fax: (305) 347-4050
*Attorneys for Defendant*
*CITGO Petroleum Corporation*

By: /s/ Greg J. Weintraub
    Martin B. Goldberg
    Florida Bar No. 0827029
    mgoldberg@lashgoldberg.com
    Greg J. Weintraub
    Florida Bar No. 0075741
    gweintraub@lashgoldberg.com

*Of Counsel*

Scott C. Solberg (pro hac vice)
James J. Kylstra (pro hac vice)
EIMER STAHL LLP
224 South Michigan Avenue, Suite 1100

3

Chicago, Illinois  60604
ssolberg@eimerstahl.com
jkylstra@eimerstahl.com

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on March 6, 2017, a true and correct copy of the foregoing was served by electronic mail on the Service List below.

                                                                       */s/ Greg J. Weintraub*
                                                                       Greg J. Weintraub

**Service List**

Jeff M. Ostrow (Florida Bar No. 121452)
Scott A. Edelsberg (Florida Bar No. 100537)
KOPELOWITZ OSTROW
FERGUSON WEISELBERG GILBERT
One West Las Olas Boulevard, Suite 500
Fort Lauderdale, Florida 33301
Telephone: 954-525-4100
ostrow@kolawyers.com
edelsberg@kolawyers.com

Avi R. Kaufman (Florida Bar No. 84382)
KOPELOWITZ OSTROW
FERGUSON WEISELBERG GILBERT
2800 Ponce de Leon Boulevard, Suite 1100
Coral Gables, Florida 33134
Telephone: 305-384-72562
kaufman@kolawyers.com

Andrew J. Shamis (Florida Bar # 101754)
SHAMIS & GENTILE, P.A.
14 NE 1st Ave., Suite 400
Miami, FL 33132
Telephone (305) 479-2299
Facsimile (786) 623-0915
ashamis@sflinjuryattorneys.com