UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
No. 9:16-cv-81911-ROSENBERG/HOPKINS

MATTHEW GOTTLIEB, individually and
on behalf of all others similarly situated,

        Plaintiff,

   v.

CITGO PETROLEUM CORPORATION,

        Defendant.
_____/

## ORDER GRANTING UNOPPOSED MOTION FOR FINAL APPROVAL OF SETTLEMENT, APPLICATION FOR SERVICE AWARD, CLASS COUNSEL'S APPLICATION FOR ATTORNEYS' FEES AND EXPENSES, AND FINAL JUDGMENT AND DISMISSAL WITH PREJUDICE

On October 13, 2017, Plaintiff filed his Unopposed Motion for Final Approval of Settlement, Application for Service Award, Class Counsel's Application for Attorneys' Fees, and Incorporated Memorandum of Law ("Motion for Final Approval"), seeking Final Approval of the Settlement in this Action. Plaintiff also filed the declarations of the Notice Administrator, Cameron Azari, and Class Counsel, Jeff Ostrow, to enable the Court to evaluate the fairness, adequacy and reasonableness of the Settlement, as well as the reasonableness of the applications for a Service Award to Class Representative, and attorneys' fees and expenses to Class Counsel. Following notice to the Settlement Class, only one Settlement Class member opted-out and no objections were filed.

This matter came before the Court on November 29, 2017, for a Final Approval Hearing pursuant to the Court's Preliminary Approval Order dated August 14, 2017 (DE 61). The Court carefully reviewed all of the filings related to the Settlement and heard argument on the Motion for Final Approval.

After full consideration of the Motion for Final Approval and the presentations of the

Parties, the Court concludes that this Settlement provides a substantial recovery for the Settlement Class Members and is a very good result under the circumstances and challenges presented by the Action. The Court specifically concludes that the Settlement is fair, adequate, and reasonable, and an acceptable compromise of the claims filed for the benefit of the Settlement Class Members. The Settlement complies with Fed. R. Civ. P. 23(e). Therefore, the Court grants Final Approval of the Settlement, certifies the Settlement Class, authorizes the payment of a Service Award to the Class Representative and awards attorneys' fees and costs to Class Counsel ("Final Approval Order").

The Court now makes the findings of fact and conclusions of law set forth in this Final Approval Order granting the Motion for Final Approval, and **HEREBY ORDERS AND ADJUDGES THAT**:

### Final Approval of Settlement

1. All of the definitions contained in the Settlement Agreement attached to the Motion for Final Approval as *Exhibit A* shall apply to this Final Approval Order and are incorporated by reference as if fully set forth herein. Further, the Court incorporates herein and accepts the factual allegations contained in the Motion for Final Approval.

2. This Court has jurisdiction over the subject matter of this Action, the Settlement Class, and over individuals and entities undertaking affirmative obligations under the Settlement.

3. This Court hereby approves the Settlement set forth in this Final Approval Order and finds that the Settlement is, in all respects, fair, adequate, and reasonable, and in compliance with all applicable requirements of Federal Rule of Civil Procedure 23 and the United States Constitution (including the Due Process Clause), and all other applicable law, including the six

factors set forth in *Bennett v. Behring Corp.,* 737 F.2d 982, 986 (11th Cir. 1984).[1] Following the completion of the Notice Plan, there have been no objections to the Settlement, a clear indication that the Settlement Class Members support the Settlement.  As the Settlement is in the best interests of the Parties and the Settlement Class, the Court directs the Parties and their counsel to implement and consummate the Settlement in accordance with the terms and conditions of the Settlement Agreement.

## Certification of Settlement Class

4. Pursuant to Federal Rule of Civil Procedure 23, the Settlement Class consists of:

> All persons in the United States who had one or more CITGO Marketing Text Messages sent to their cellular telephone number.

5. The Settlement Class as previously provisionally certified satisfies all the requirements contained in Federal Rule of Civil Procedure 23, the United States Constitution, and any other applicable law as more fully set forth in the Court's Preliminary Approval Order, which is incorporated into this Final Approval Order by this reference.

6. As such, the Court finds, for settlement purposes only, that: (a) the Settlement Class as defined is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) the claims of the Plaintiff are typical of the claims of the Settlement Class; (d) the Class Representative will fairly and adequately protect the interests of the Settlement Class Members; (e) Plaintiff alleges that Defendant has acted on grounds that apply generally to the class; (f) the questions of law or fact

---

[1] The Eleventh Circuit has identified six factors to be considered in analyzing the fairness, adequacy, and reasonableness of a class action settlement under Rule 23(e): (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel, class representatives, and the substance and amount of opposition to the settlement.

common to the Settlement Class predominate over the questions affecting on individual Settlement Class Members; and (g) certification of the Settlement Class is superior to the other methods for the fair and efficient adjudication of the controversy.

### Dismissal and Release

7. No one objects to the Settlement and four Settlement Class Member requested exclusion from the Settlement through the opt-out process approved by this Court. Except for the individual claims of those who duly opted-out of the Settlement Class (identified in *Exhibit 1* to this Final Approval Order), this Court hereby dismisses this Action on the merits and with prejudice as though after trial and a final adjudication of the facts and the law as to all Settlement Class Members each Released Claim (as defined in Paragraph 71 of the Agreement) against Defendant.

8. In exchange for the benefits conferred by the Settlement, all Settlement Class Members will be deemed to have released Defendant from claims related to the subject matter of the Action. The detailed release language is found in Section XIII of the Agreement. Agreement ¶ 71.

9. The Settlement Class Notice Program was the best notice practicable under the circumstances. The Notice Program provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Settlement Agreement, to all persons entitled to such notice and said notice fully satisfied the requirements of the Federal Rules of Civil Procedure and the United States Constitution, which include the requirement of due process.

10. Members of the Settlement Class who the Settlement Administrator has determined are Settlement Class Claimants shall be entitled to receive their portion of the Settlement Fund, in accordance with the procedures set forth in the Settlement Agreement.

### Attorney's Fees and Service Award

11. Class Counsel's request for attorneys' fees as a percentage of the common fund is granted as being both appropriate and reasonable under the factors set forth in *Camden I Condominium Assn. v. Dunkle*, 946 F.2d 768 (11th Cir. 1991).[2] The requested percentage from the Settlement Fund is reasonable, considering the results obtained, the nature of the case, and Class Counsel's significant work in this case and experience in litigating class actions. It was necessary for Class Counsel, who undertook representation of Plaintiff and the putative class on a purely contingent fee basis, to conduct research and discovery supporting the claims asserted and the class-wide damages claimed, and to persuade Defendant that class claims were meritorious despite Defendant's planned defenses. Prevailing in this case was by no means assured, given the substantial defenses that Defendant would have pursued. Extensive settlement negotiations occurred between the parties. Defendant is represented by sophisticated counsel, who was prepared to zealously defend this case. Notwithstanding, Class Counsel obtained a significant settlement on behalf of the Settlement Class.

12. Therefore, Class Counsel is hereby awarded $2,666,400.00 in attorneys' fees from the gross Settlement Fund, consisting of 33.33% of the Settlement Fund. This percentage

---

[2] The Eleventh Circuit's factors for evaluating the reasonable percentage to award class-action counsel are: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and the length of the professional relationship with the client; and (12) awards in similar cases.

accurately reflects the percentage figures of contingency fees attorneys commonly received in the Southern District of Florida and the Eleventh Circuit, and are within the range of reasonableness discussed in *Camden I.* 946 F.2d at 774–75. *See Legg v. Laboratory Corp. of America*, No. 14-cv-61543-RLR, Order at 7, DE 227 (S.D. Fla. Feb. 18, 2016) (FACTA case awarding one-third of gross recovery for attorneys' fees, plus expenses); *Gevaerts v. TD Bank, N.A.*, No. 11:14-cv-20744-RLR, 2015 U.S. Dist. LEXIS 150354, at *27 (S.D. Fla. Nov. 5, 2015) (finding that a request for 30% of a $20 million dollar fund is justified); *Wolff v. Cash 4 Titles*, No. 03-22778- CIV, 2012 WL 5290155, at *5–6 (S.D. Fla. Sept. 26, 2012) ("The average percentage award in the Eleventh Circuit mirrors that of awards nationwide—roughly one-third.") (citing Circuit case law and listing Southern and Middle District of Florida attorneys' fees awards); *Allapattah Servs., Inc. v. Exxon Corp.*, 454 F. Supp. 2d 1185, 1210 (S.D. Fla. 2006) (awarding fees equaling 31⅓%);.

13. Further, the Court finds that Class Counsel's request for reimbursement of $33,858.06 in expenses to be reasonable and that the expenses were incurred in furtherance of the Action.

14. The Court also finds that Class Counsel's request for a Service Award be paid to the Class Representative is appropriate and the amount requested is reasonable. Therefore, Class Representative shall be paid a Service Award of $5,000.00 from the Settlement Fund consistent with the terms of the Settlement Agreement.

**Further Matters**

15. Without affecting the finality of the Final Approval Order in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement; (b) this Action until the judgment contemplated herein has become effective and each and every act agreed to be

performed by the Parties has been performed; and (c) the Parties and all parties to the Settlement Agreement for the purpose of enforcing and administering the Settlement Agreement.  Neither Plaintiff nor Defendant shall be barred from pursuing claims for breach of the Settlement before this Court.

16. In the event that the Agreement does not become effective in accordance with its terms, then the judgment contemplated herein shall be rendered null and void and be vacated and the Agreement and all orders entered in connection therewith shall be rendered null and void, the Settlement Class shall be decertified, all of Defendant's obligations under the Settlement shall cease to be of any force and effect; the amounts in the Settlement Fund shall be returned to Defendant and Plaintiff's Complaint shall be reinstated as it existed prior to the making of the Settlement Agreement.  In that case, all communications, documents, filings, negotiations and other actions taken by the Parties to negotiate and pursue a settlement through the Settlement Agreement shall be considered confidential settlement communications which cannot be used in evidence by any Party against another Party.

17. Nothing in this Final Approval Order or the Agreement shall be construed as an admission or concession by either Party. Defendant has denied all of Plaintiff's allegations and continues to deny such allegations.  Plaintiff continues to believe his allegations have merit.  The Agreement and this resulting Final Approval Order represent a compromise of disputed allegations.

18. Except as expressly provided herein, each Party is to bear its own costs.

19. Pursuant to Federal Rule of Civil Procedure 58(a), the Court will enter Final Judgment in a separate document and direct the Clerk of this Court to close the case.

## **CONCLUSION**

For the foregoing reasons, the Court: (1) grants Final Approval to the Settlement; (2) appoints Plaintiff, Matthew Gottlieb, as Class Representative; (3) appoints as Class Counsel the law firms and attorneys listed in paragraph 14 of the Agreement; (4) awards a Service Award the Class Representative in the amount of $5,000.00; (5) awards Class Counsel attorneys' fees in the amount of $2,666,400.00, plus reimbursement of litigation costs and expenses in the amount of $33,858.06; (6) directs Class Counsel, Plaintiff, and Defendant to implement and consummate the Settlement pursuant to its terms and conditions; (7) retains continuing jurisdiction over Plaintiff, the Settlement Class Members, and Defendant to implement, administer, consummate and enforce the Settlement and this Final Approval Order; and (8) will separately enter Final Judgment dismissing the Action with prejudice.

**DONE AND ORDERED** in Chambers, Fort Pierce, Florida this 29th day of November, 2017.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: All counsel of record via CM/ECF

# EXHIBIT 1

The following individuals opted-out of the Settlement and therefore are not bound by the terms of this Final Approval Order:

1. Megan Partezana
2. Lakendra Hammonds
3. Clifford Hammonds
4. Cortney Myers